# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 3:09-cr-00016 |
| ) | Judge Wiseman |
| v. ) | |
| ) | |
| MACARDELL DOBBINS ) | |
| ) | |

**O R D E R**

Before the Court is the defendant's *pro se* motion for a sentence reduction (Docket No. 85), citing 18 U.S.C. § 3582(c)(2) and Amendments 568 and 750 to the United States Sentencing Guidelines (the "Guidelines"). The defendant contends that the Court may reject the career offender and crack cocaine guidelines and reduce his sentence. The United States has responded in opposition. (Docket No. 89).

**I.      Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Under 18 United States Code § 3582(c)(2), a reduction in sentence may be appropriate "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." However, "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable

1

guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n. 1(A)(ii).

**II.     Analysis**

Pursuant to § 3582(c)(2) and Amendment 568, the defendant requests that the Court reduce his sentence.   First, as noted by the United States in its response (Docket No. 89), Amendment 568 on which the defendant relies was enacted in 1996, long before the defendant was sentenced.  To the extent that the defendant asks the Court to reduce his sentence pursuant to Amendment 568,  this Court lacks the authority at this time to reduce the defendant's sentence by means of a departure or variance from the career offender and crack cocaine guidelines.  *See, e.g., United States v. Mohler,* Nos. 97-3586, 97-3671, 1999 WL 303569 (6th Cir.  July 9, 1999)(defendant had an obligation to raise objections and request a departure from the guidelines range at the time of sentencing).  Thus, defendant's request must be denied.

However, in its response, the United States construed the defendant's instant *pro se* motion as also seeking a sentence reduction pursuant to Amendment 750 to the Guidelines.  (*See* Docket No. 89 at p. 1).  Effective on November 1, 2011, Amendment 750 is the most recent change to the Guidelines.  Pub. L. 111-120, 124 Stat. 2371 (2010).  Amendment 750 lowered the drug quantity tables applicable to crack cocaine offenses.  Because Amendment 750 may now be applied retroactively, *see* U.S.S.G. § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, then the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In the present case, following a jury trial, defendant Dobbins was convicted of possessing with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Docket No. 1, Indictment; Docket No. 56). On September 27, 2010, Dobbins and the United States both filed sentencing positions stating that there were no objections to the presentence report or to the advisory guideline calculations. (Docket No. 72, Sentencing Position of the Defendant; Docket No. 73, Sentencing Position of the Government). The presentence report determined that Dobbins was a career offender with an advisory guideline range of 262 to 327 months incarceration. (Docket No. 78, Presentence Report)(sealed). On October 4, 2010, Dobbins was sentenced to 144 months incarceration, well below the advisory guideline range for a career offender (Docket No. 75, Judgment).

Applying Amendment 750 to the defendant's case, the career offender provisions remain unchanged because, in calculating the applicable Guidelines range, § 1B1.1 requires the Court to proceed sequentially through the Guidelines. Thus, according to § 4B1.1(b), "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level [as a career offender] shall apply." U.S.S.G. § 4B1.1(b). In addition, § 1B1.10(b)(1) provides that "the court shall substitute only amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). If the defendant were sentenced today, his initial Guidelines range based on his career offender classification would still be 262 to 327 months' imprisonment.

Because Amendment 750 does not lower the defendant's applicable Guidelines range, § 3582(c) provides no basis for relief. U.S.S.G. § 1B1.10 cmt. n. 1(A). *See United States v. Morris,*

No. 2:97-99-6, 2012 WL 760320, at *2 (S.D. Ohio March 7, 2012) (holding that the court lacked authority under Amendment 750 to reduce defendant's career offender sentence); *Miller v. Berkebile*, No. 6:11-00260-HRW, 2012 WL 1633270, at *5 (E.D. Ky. May 9, 2012)("As was the case with the prior amendments to the Sentencing Guidelines, however, Miller's status as a career offender would likely preclude a reduction in his sentence under Amendment 750."). The defendant's motion (Docket No. 85), therefore, will be denied.

## III. Conclusion

Accordingly, the defendant's *pro se* motion for a sentence reduction, citing 18 U.S.C. § 3582(c) and Amendments 568 and 750 to the Guidelines, is hereby **DENIED**.

**IT IS SO ORDERED.**

                                              Thomas A. Wiseman, Jr.
                                              United States District Judge